JEMMA DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
  *JDunn@GGTrialLaw.com*
  *MHale@GGTrialLaw.com*
  *MMassey@GGTrialLaw.com*

*Attorneys for Plaintiff Maria Ramirez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIA RAMIREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DEL TACO LLC dba DEL TACO, a California limited liability company; 3 BROTHERS RESTAURANTS - NEVADA LLC dba DEL TACO, a Nevada limited liability company<br><br>Defendants. | Case No.: 2:25-cv-00769-GMN-DJA<br><br>**STIPULATION TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES**<br><br>**(FIRST REQUEST)** |

Plaintiff Maria Ramirez ("Plaintiff"), by and through her counsel of record, Greenberg Gross LLP, and Defendant Del Taco LLC doing business as Del Taco ("Defendant") by and through its counsel of record, Gordon Rees Scully Mansukhani, LLP, hereby stipulate and agree to extend the unexpired discovery deadlines for ninety days (90). This is the parties' first request for an extension to the Discovery Plan and Scheduling Order. *See* ECF No. 17.

### A. Procedural Posture & Discovery Completed to Date.

Plaintiff filed a Complaint on May 1, 2025. *See* ECF No. 1. Defendant Del Taco LLC doing business as Del Taco ("Del Taco") filed an Answer to the Complaint on June 6, 2025. *See* ECF No. 12. Defendant 3 Brothers Restaurants – Nevada LLC doing business as Del Taco (the "Franchisee") has not filed an Answer or otherwise appeared in this case. Plaintiff filed a Notice of Intent to Take Default on August 7, 2025. *See* ECF No. 18. Plaintiff granted a two-week extension to Franchisee's counsel to file an Answer or otherwise respond to the Complaint on or before September 1, 2025. *See* ECF No. 23-1. On September 10, 2025, Plaintiff requested the clerk enter default against Franchisee due to the Franchisee's failure to file an Answer or otherwise respond to the Complaint. *See* ECF No. 23.

To date, the parties have exchanged initial disclosures of documents and witnesses pursuant to FRCP 26(a)(1) on July 22, 2025. Defendant Del Taco has served one supplement to its FRCP 26 disclosures. Plaintiff also served Defendant written discovery on August 7, 2025, and responses and objections were received on September 8, 2025. Defendant also served Plaintiff written discovery on August 8, 2025, and Plaintiff is preparing responses and objections. The parties are continuing to supplement disclosures and discovery responses in accordance with the rules of civil procedure.

### B. Discovery Which Still Needs to Occur.

Plaintiff intends to take an FRCP 30(b)(6) deposition and depositions of Defendant's current and former employees identified in Defendant's FRCP 26 disclosures and supplements thereto. Additionally, if the Franchisee ever appears in the case or otherwise engages in discovery, Plaintiff intends to take the FRCP 30(b)(6) deposition and depositions of the Franchisee's current and former employees identified in any forthcoming FRCP 26 disclosures and supplements thereto. Plaintiff will likely conduct additional written discovery following said depositions.

Defendant intends to depose Plaintiff. Defendant will likely also need to obtain Plaintiff's medical records via subpoena. The parties may conduct expert witness discovery and serve third-party subpoenas for documents and to depose other witnesses. Further, the parties intend to exchange further written discovery and documents.

C. **Proposed Schedule for Completing Remaining Discovery.**

1. **Fed R. Civ. P. 26(a)(2) Disclosures (Experts)** – the current deadline for disclosures of expert witnesses, October 3, 2025, shall be extended ninety-one (91) days to Friday, **January 2, 2026** (as the 90th day falls on a non-judicial day). The ~~August 25, 2025~~, November 3, 2025 deadline of disclosures of any rebuttal experts shall be extended ninety-one (91) days to Monday, **February 2, 2026** (as the 90th day falls on a Sunday).

2. **Discovery Cut-Off Date** – the current discovery cut-off date, December 3, 2025, shall be extended ninety (90) days to Tuesday, **March 3, 2026**.

3. **Dispositive Motions** – the current dispositive motions deadline, January 2, 2026, shall be extended to ninety (90) days to Thursday, **April 2, 2026**.

4. **Pretrial Order** – if no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty-two (32) days after the date set for the filing of the dispositive motions, which is Monday, **May 4, 2026** (as the 30th day falls on a Saturday). In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dipositive motions or by further order of the Court.

D. **Good Cause Supports the Request to Extend the Deadlines as Set Forth Herein.**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became

-3-
**STIPULATION TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES (FIRST REQUEST)**

1  apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC,*
2  288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must
3  "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent
4  course of the litigation." *Id.*

5  Good cause supports the parties' request to extend the Discovery Cut-Off, Expert
6  Disclosures, Dispositive Motions, and Pretrial Order Deadlines. The parties continue to engage in
7  discovery and intend to conduct significant discovery prior to the Early Neutral Evaluation ("ENE"),
8  which was originally set to be conducted on September 11, 2025 but has been continued to
9  November 12, 2025. *See* ECF No. 22. The parties are hopeful they may be able to resolve the dispute
10 during the conference and seek an extension to the discovery deadlines to allow the parties to engage
11 in confidential settlement discussions before expending significant funds to conduct discovery.

12 Additionally, Plaintiff has been unsuccessful in obtaining the Franchisee's participation in
13 the litigation and continues to diligently pursue her claims against the Franchisee. *See* ECF Nos. 9,
14 18, 23. Plaintiff remains optimistic that the Franchisee will appear and participate in the case, and
15 anticipates that Franchisee will require additional time to conduct discovery prior to the current
16 discovery deadlines in the Scheduling Order approved by the Court. *See* ECF No. 17.

17 Considering the foregoing, the parties are unable to complete depositions, expert and written
18 discovery before the original discovery deadline.

19 The Parties submit that these circumstances satisfy the required good cause in extending the
20 deadlines referenced above.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**STIPULATION TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES (FIRST REQUEST)**

1  The Parties hereby stipulate to the aforementioned.

2  Dated this 12th day of September, 2025.

| /s/ Marian L. Massey, Esq. | /s/ Lori N. Brown, Esq. |
|---|---|
| JEMMA E. DUNN<br>Nevada Bar No. 16229<br>MATTHEW T. HALE<br>Nevada Bar No. 16880<br>MARIAN L. MASSEY<br>Nevada Bar No. 14579<br>1980 Festival Plaza Drive, Suite 730<br>Las Vegas, Nevada 89135<br><br>*Attorneys for Plaintiff* | LORI N. BROWN<br>Nevada Bar No. 8858<br>300 S. 4th Street<br>Suite 1550<br>Las Vegas, Nevada 89101<br><br>*Attorneys for Defendant Del Taco LLC* |

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 9/16/2025

-5-
**STIPULATION TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES (FIRST REQUEST)**