Lori N. Brown (SBN: 8858)
Christine B. Stutz (AZ SBN: 019664), *pro hac vice*
**GORDON REES SCULLY MANSUKHANI, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
Telephone: (602) 794-3651
Facsimile: (602) 265-4716
lbrown@grsm.com
cstutz@grsm.com
*Attorneys for Defendant Del Taco, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Maria Ramirez, an individual,<br><br>                              Plaintiff,<br><br>         vs.<br><br>Del Taco LLC dba Del Taco, a California limited liability company; 3 Brothers Restaurants – Nevada LLC dba Del Taco, a Nevada limited liability company,<br><br>                              Defendants. | CASE NO.  2:25-cv-00769-GMN-DJA<br><br>**STIPULATION TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES**<br><br>**(SECOND REQUEST)** |

Defendant Del Taco LLC dba Del Taco ("Del Taco") and Plaintiff Maria Ramirez ("Plaintiff") by and through their respective counsel of record hereby stipulate and agree to extend the unexpired discovery deadlines for sixty (60) days. This is the parties' second request for an extension to the Discovery Plan and Scheduling Order. *See* ECF No. 22.

**I.     Discovery Completed to Date**

To date, the parties have conducted the following discovery:

1.     **July 22, 2025**: Plaintiff and Defendant Del Taco LLC exchanged initial disclosures pursuant to FRCP 26(a)(1);

2.     **August 7, 2025**: Plaintiff served First Set of Requests for Production and First Set of Interrogatories to Defendant Del Taco LLC;

-1-

3.    **August 8, 2025**: Defendant Del Taco LLC served First Set of Interrogatories and First Set of Requests for Production on Plaintiff;

4.    **September 8, 2025**: Defendant Del Taco LLC served responses to Plaintiff's First Set of Interrogatories and First Set of Requests for Production;

5.    **September 18, 2025**: Plaintiff served responses to Defendant Del Taco LLC's First Set of Interrogatories and First Set of Requests for Production;

6.    **October 22, 2025**: Plaintiff served her First Supplement to Initial Disclosures;

7.    **November 13, 2025**: Defendant Del Taco LLC served First Supplemental Responses to Plaintiff's First Set of Interrogatories and First Supplemental Responses to Plaintiff's First Set of Requests for Production;

8.    **January 2, 2026**: Plaintiff exchanged initial expert disclosures pursuant to FRCP 26(a)(2); and

9.    **January 22, 2026**: Plaintiff served a notice of deposition for Noemi Gutierrez for a deposition to be conducted on February 25, 2026.

10.    **January 23, 2026**: Defendant served a notice of deposition for Plaintiff for a deposition to be conducted on February 26, 2026.

## II.    Discovery Which Still Needs to Occur

The parties have not yet conducted depositions. Plaintiff noticed the deposition of Noemi Gutierrez for February 25, 2026, and Defendant was expected to take Plaintiff's deposition the following day on February 26, 2026. Ms. Gutierrez's deposition is in the process of being rescheduled due to a personal matter that has required her to leave the country. As a result, she will not be available for her deposition until March of 2026, and the parties have agreed to also continue the deposition of Plaintiff to be conducted the day after Ms. Gutierrez's deposition.

Plaintiff also intends to take an FRCP 30(b)(6) deposition for Defendant Del Taco LLC, and may take depositions of Defendant's current and former employees identified in Defendant's FRCP 26 disclosures and supplements thereto. Plaintiff may conduct

additional written discovery following said depositions.

Defendant also intends to depose Plaintiff Maria Ramirez during the week that Ms. Gutierrez's deposition. Defendant is also awaiting responses to outstanding document requests to Plaintiff's healthcare providers, and may depose Plaintiff's treating medical providers.

The parties may also conduct additional expert witness discovery and serve third-party subpoenas for documents and to depose other witnesses. Further, the parties intend to exchange further written discovery and documents.

### III.  Proposed Schedule for Completing Remaining Discovery

1. **Discovery Cut-Off Date**- The current discovery cut off-date, March 3, 2026 shall be extended to sixty-two (62) days to **May 4, 2026**, due to May 2, 2026 falling on a Saturday.

2. **Dispositive Motions**- The current dispositive motions deadline, April 2, 2026, shall be extended to sixty (60) days to **June 1, 2026**.

3. **Pretrial Order** – if no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of the dispositive motions, which is **June 30, 2026**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or by further order of the Court.

### IV.  Good Cause Supports the Request to Extend the Deadlines As Set Forth Herein

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608 (9th Cir. 1992); *see also* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig*., 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the

diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Id.*

Good cause supports the parties' request to extend the Scheduling Order. First, Defendant Del Taco LLC filed a Motion to Compel Arbitration and Dismiss (ECF No. 31) on October 22, 2025, which resulted in the vacatur of the Early Neutral Evaluation previously scheduled for November 12, 2025 and has delayed the parties' ability to complete depositions and other discovery pending resolution of the arbitration motion. The Court's resolution of this motion was a development that could not have been reasonably anticipated at the time the first extension was granted in September 2025.

Second, the parties have scheduled depositions for late February 2026, but those depositions were continued due to witness unavailability. The parties are working to reschedule these critical depositions for late March or early April 2026, which will not be completed prior to the current March 3, 2026 discovery cut-off.

Third, the parties have exchanged confidential settlement discussions in an effort to resolve the matter. The parties engaged in confidential settlement discussions before expending significant funds to conduct additional discovery, and remain hopeful that they can resolve the dispute amicably.

Considering the foregoing, the parties are unable to complete depositions, expert and written discovery before the current discovery deadlines set by the Court. The Parties submit that these circumstances demonstrate the parties have been diligent and good cause

exists to extend the deadlines referenced above.

The parties hereby stipulate to the aforementioned.

Dated this 23rd day of February, 2026.

*/s/ Marian L. Massey*

JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*

*/s/ Christine B. Stutz*

LORI N. BROWN
Nevada Bar No. 8858
CHRISTINE B. STUTZ
Arizona Bar No. 019664, *pro hac vice*
300 S. 4th Street
Suite 1550
Las Vegas, Nevada 89101

*Attorneys for Defendant Del Taco LLC*

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED:___2/24/2026_____

-5-